UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMERGENCY DEPARTMENT
PHYSICIANS P.C. and
EMERGENCY PROFESSIONALS
OF MICHIGAN, P.C.,

Case No. 2:19-cv-12052

HONORABLE STEPHEN J. MURPHY, III

Plaintiffs,

v.

UNITED HEALTHCARE, INC.,
et al.,

Defendants.
_____/

**OPINION AND ORDER
DENYING MOTION TO ALTER OR AMEND THE JUDGMENT
AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [46]**

The Court granted Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). ECF 44, PgID 1155–56; ECF 45. Plaintiffs timely moved to alter or amend judgment under Rule 59(e) and for leave to file a second amended complaint under Rule 15(a). ECF 46. Under Local Rule 59.1, the Court granted leave for Defendants to respond to the motions. ECF 48, PgID 1231. Defendants responded, ECF 49, and Plaintiffs replied, ECF 50. A hearing is unnecessary under Local Rule 59.1. For the following reasons, the Court will deny the motions.

## BACKGROUND

Plaintiffs asserted three claims and a request for declaratory relief against Defendants in the amended complaint. ECF 26, PgID 464–71. The Court dismissed all the claims. ECF 44, PgID 1155.

1

The Court dismissed the unjust enrichment claim because "Plaintiffs have not plausibly alleged an inequity" under unjust enrichment's second prong. *Id.* at 1147. Two reasons supported the Court's dismissal. One reason was that federal courts have "allowed healthcare providers to claim unjust enrichment against insurers" when "the healthcare providers could *only* bill the insurers—*not* the patients—under state law." *Id.* (emphasis in original). Plaintiffs did not allege that Michigan law prevented them from billing insureds. *See id.* at 1147–48. And the other reason was that Defendants did not allegedly mislead Plaintiffs about what services they would reimburse. *Id.* at 1148–49. Without a misleading act, Plaintiffs could not plausibly prove that "any enrichment led to an inequity." *Id.* at 1149.

**LEGAL STANDARD**

I. <u>Motion to Alter or Amend Judgment</u>

"A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). A "[m]anifest injustice" is "[a] direct, obvious, and observable error in a trial court." *Manifest Injustice*, Black's Law Dictionary (11th ed. 2019). A "general definition of manifest injustice" has not been developed, and courts "look at the matter on a case-by-case basis." *Estate of Romain v. City of Grosse Pointe Farms*, No. 14-cv-12289, 2018 WL 3100907, at *2 (E.D. Mich. June 25, 2018) (quoting

*McDaniel v. Am. Gen. Fin. Servs., Inc.*, No. 04-2667B, 2007 WL 2084277, at *2 (W.D. Tenn. July 17, 2007)).

II. <u>Motion for Leave to File a Second Amended Complaint</u>

Although courts may liberally permit amendments to pleadings, "this permissive standard does not apply when a party seeks to amend its complaint *after* an adverse judgment." *Energy Conversion Devices Liquidation Tr. v. Trina Solar Ltd.*, 833 F.3d 680, 691 (6th Cir. 2016) (emphasis in original). When considering a post-judgment motion to amend, a party "must satisfy both the 'modest requirements of Rule 15' and the 'heavier burden' that applies to requests 'for reopening a case.'" *Id.* (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010)). "In post-judgment motions to amend, as a result, the Rule 15 and Rule 59 inquiries turn on the same factors." *Leisure Caviar, LLC*, 616 F.3d at 616 (quotation omitted).

**DISCUSSION**

The Court will first deny the motion to alter or amend judgment. After, the Court will deny the motion for leave to file a second amended complaint.

I. <u>Motion to Alter or Amend Judgment</u>

Plaintiffs argued that the Court should alter or amend the judgment to allow Plaintiffs to replead the unjust enrichment claim. ECF 46. Plaintiffs clarified that their arguments fall under Rule 59(e)'s manifest injustice reason. ECF 46, PgID 1185; ECF 50, PgID 1308.

Plaintiffs alleged that two errors by the Court rose to the level of manifest injustice. Plaintiffs first alleged that the Court looked at matters outside Plaintiffs' amended complaint and the motion to dismiss. ECF 46, PgID 1179; *see also* ECF 50, PgID 1309 ("The Court unambiguously relied on a fact outside the pleadings."). Plaintiffs specifically contended the Court could not rule that "Plaintiffs could 'balance bill' [insureds] for amounts [Defendants] chose not to pay." ECF 46, PgID 1181. And second, Plaintiffs argued that the Court erred when it decided that Plaintiffs may bill insureds for the amounts the insurance companies refused to cover and because of that the Court could not dismiss the unjust enrichment claim. *Id.* at 1182–84. The Court will address each argument in turn.

Plaintiffs' argument about the Court relying on matters outside the pleadings is revisionist for four reasons. One, the ability to balance bill patients was not "a question of fact outside the scope of Plaintiffs' [amended complaint] and the [m]otion to [d]ismiss." ECF 46, PgID 1179. It was a legal conclusion based on a finding that no Michigan law prevented Plaintiffs from billing Defendants' insureds. ECF 44, PgID 1147–48.

Two, the Court never relied on matters outside Plaintiffs' amended complaint or the motion to dismiss. At most, the Court's opinion cited Plaintiffs' own counsel who inaccurately asserted at the motion hearing that a specific Michigan law prevented Plaintiffs from directly billing the insureds. *Id.* (citing ECF 43, PgID 1119).

Three, the balance billing discussion at the motion hearing began when Defendants' counsel discussed what Plaintiffs' remedy would be if they were

4

dissatisfied with the reimbursement they received from Defendants. ECF 43, PgID 1081–83. Plaintiffs' counsel later rebutted the argument by suggesting that "the policy in Michigan has been for quite some time that [providers are] not supposed to be billing [insureds]. And we specifically point the Court to Section 500.3406k of the [I]nsurance [C]ode." *Id.* at 1119. As the Court's opinion explained, the Insurance Code does not support Plaintiffs' belief that Michigan policy prevents them from directly billing insureds. ECF 44, PgID 1147–48. Based on the Court's research, no Michigan law (before the Surprise Medical Billing Act) prevented Plaintiffs from directly billing Defendants' insureds.

Four, the Court's opinion cited a case that Defendants cited in their motion to dismiss for the notion that federal courts have allowed healthcare providers to assert unjust enrichment claims against insurers if state law prevented healthcare providers from billing the insureds. *Id.* at 1147–48 (citing *Air Evac EMS Ins. v. USAble Mut. Ins. Co.*, No. 4:16-cv-00266, 2018 WL 2422314, at *10 (E.D. Ark. May 29, 2018)); *see also* ECF 29, PgID 692 n.19 (Defendants' motion to dismiss citing the same case). In short, the Court relied on no factual evidence outside the complaint to determine whether Plaintiffs could balance bill; the Court made its legal conclusion about balance billing based on discussion at the motion hearing, lack of allegations in the amended complaint, and the case law cited in Defendants' motion to dismiss.

Next, Plaintiffs have not shown "[a] direct, obvious, and observable error" in the Court's opinion dismissing the unjust enrichment claim. *Manifest Injustice*, Black's Law Dictionary (11th ed. 2019). As the Court's opinion explained, no Michigan

law prevented Plaintiffs from balance billing insureds. ECF 44, PgID 1147–48. And Plaintiffs cannot point to any Michigan law (before the Surprise Medical Billing Act) that prevented balance billing. Plaintiffs, for example, pointed to Mich. Comp. Laws § 500.3406k, ECF 46, PgID 1182, which the Court already explained did not prevent Plaintiffs from balance billing. ECF 44, PgID 1147–48. Plaintiffs also pointed to Mich. Comp. Laws § 500.3517, ECF 46, PgID 1182, but that law does not prevent Plaintiffs from balancing billing. The plain text of the law applies to Health Maintenance Organizations ("HMOs"), and Plaintiffs have never alleged their claims arise from any operations of HMOs. *See, e.g.*, § 500.3517(1)–(2) ("A health maintenance contract shall not . . . . Subsection (1) does not prohibit a health maintenance organization from . . . .").

Plaintiffs cite "Michigan common law" as a "longstanding [a]uthorit[y]" that "strongly suggested that insurers alone . . . were the sole parties responsible for paying [claims]." ECF 46, PgID 1182. But the Court can only guess at which common law provides authority because Plaintiffs' motion to alter or amend judgment has cited no Michigan case law to support the claim. *See id.* To be sure, Plaintiffs' response to the motion to dismiss cited no Michigan case law that explained Plaintiffs could only rely on Defendants to pay claims. *See* ECF 35, PgID 968–70. And as the Court's opinion explained, no Michigan law (before the Surprise Medical Billing Act) prevented Plaintiffs from seeking reimbursement for services from Defendants'

insureds. ECF 44, PgID 1147–48. That legal conclusion still stands undisputed.[1] At bottom, the Court did not err when it dismissed the unjust enrichment claim.

II. Motion for Leave to File a Second Amended Complaint

"Unless post-judgment relief is granted, the district court lacks power to grant a motion to amend the complaint under Rule 15(a) of the Federal Rules of Civil Procedure." *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 624 (6th Cir. 2008) (cleaned up) (quoting *Acevedo-Villalobos v. Hernandez*, 22 F.3d 384, 389 (1st Cir. 1994)). Because the Court has denied Plaintiffs' post-judgment request for relief, the Court will deny the motion for leave to file a second amended complaint.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to alter or amend the judgment and for leave to file second amended complaint [46] is **DENIED**.

**SO ORDERED.**

                                          s/ Stephen J. Murphy, III
                                          STEPHEN J. MURPHY, III
                                          United States District Judge

Dated: June 21, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 21, 2021, by electronic and/or ordinary mail.

                                          s/ David P. Parker
                                          Case Manager

---

[1] The Court reads Plaintiffs' briefing as a concession that no Michigan law enacted before the present case barred Plaintiffs from directly billing patients. Plaintiffs cite no law to show that they were prohibited from doing so. For example, Plaintiffs claimed Michigan law "strongly suggested" or merely "suggests" that they could not bill insureds; not that Michigan law *prohibited* or *barred* Plaintiffs from billing Defendants' insureds. ECF 46, PgID 1162, 1182, 1184–85.